**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CURTIS L. CROY,

      Petitioner-Appellant,

v.

REGINALD HINES, Warden,

      Respondent-Appellee.

No. 00-6110

W.D. Okla.

(D.C. No. CIV 99-1441-W)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

     Curtis L. Croy is currently incarcerated pursuant to a conviction of distribution of a controlled dangerous substance, for which he was sentenced to ten years of imprisonment. He began serving this sentence on August 10, 1994.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

On February 9, 1996, Mr. Croy was granted parole but, on May 7, 1997, his parole was revoked. He was then reincarcerated to serve the remainder of this ten year sentence and received no credit for his "street time."

On September 22, 1999, Mr. Croy filed a petition for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254. In his petition, he argued that Respondent's failure to credit him with time spent on parole was a violation of the Double Jeopardy Clause of the Constitution. The district court adopted the report and recommendation of the magistrate judge and denied the petition.

Mr. Croy subsequently filed a notice of appeal with the district court, which the district court construed as an application for a certificate of appealability, and a motion for leave to proceed on appeal in forma pauperis. On May 19, 2000, the district court declined to issue a certificate and denied the motion. Mr. Croy is now appealing the district court's order. Because Mr. Croy is proceeding pro se, we liberally construe his pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The district court addressed Mr. Croy's claims pursuant to 28 U.S.C. § 2254. However, in Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000), we held that a petition filed by a state prisoner challenging the execution of a sentence, rather than the validity of a conviction and sentence, is properly brought

under our jurisdiction by 28 U.S.C. § 2241, not § 2254. There is no need, however, to remand to the district court because the merits of Mr. Croy's petition are the same under either statute. Cf. id. at 865 (noting that a remand was not necessary because the claims of the petitioner were without merit). Furthermore, under either statute, Mr. Croy is required to file a motion for certificate of appealability to appeal the denial of his petition. See id. at 869 (holding that a certificate of appealability is needed for any challenge to the incidents and circumstances of a detention under § 2241).

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We have thoroughly reviewed Mr. Croy's application for a certificate of appealability, the magistrate judge's report and recommendation, the district court's order adopting that report and recommendation, and the entire record before us. We conclude that Mr. Croy has failed to make a substantial showing of the denial of a constitutional right for substantially the same reasons set forth in the magistrate judge's report and recommendation. [1]

---

[1] On appeal, Mr. Croy raises an issue that was not a part of his original petition for a writ of habeas corpus. Following our general rule, we will not decide this issue because it was not raised before the district court. See Tele-Communications, Inc. v. Commissioner, 104 F.3d 1229, 1232 (10th Cir. 1997).

As for Mr. Croy's motion to proceed on appeal in forma pauperis, we hold that Mr. Croy has shown a "financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

Accordingly, we GRANT Mr. Croy's motion to proceed in forma pauperis and DISMISS the appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge